UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**WILLIAM D. COPE JR.**                                                                                       **PLAINTIFF**

v.                                                                            CIVIL ACTION NO. 3:15CV-P257-GNS

**LOU. METRO. DEPT. CORRECTIONS**
**MEDICAL/MENTAL HEALTH DEPTS.** *et al.*                                                  **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff William D. Cope, Jr., filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court on initial screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the action will be dismissed.

**I. STATEMENT OF CLAIMS**

Plaintiff reports that he is a pretrial detainee at the Louisville Metro Department of Corrections (LMDC). In the caption of the complaint, he lists the following entities as Defendants: "Lou. Metro. Dept. Corrections Medical/Mental Health Depts."; "C.C.C.";[1] and "L.M.D.C." In the parties' section of the complaint form, he names the following persons as Defendants in their official capacity: Dr. Lite, Head Psychiatric Doctor at LMDC; Dr. Smith, Head Psychiatrist at C.C.C.; "Medical Dept's head/assist. L.P.N." at LMDC; "medical supervisor's of C.C.C. . . . medical L.P.N's, and Doctors"; and Mark Bolton, Jailer/Director of Operations at LMDC.

Plaintiff first states that in May 2014, he was released to go to a medical appointment at Phoenix Health Center to see his primary care physician, Defendant "Dr. Leslie Smith" while housed at the CCC. He then claims, "From May – July 2014 – I have had several medications refused due to cost's here at L.M.D.C.'s main jail knowing I'm covered by Wellcare, Kynect, and Passport all my narcotic's and physcitropic's were permitted at . . . C.C.C." He further claims that

---

[1] The Court presumes that Plaintiff is referring to Louisville Metro's Community Corrections Center.

"they refused too treat me for staff, faticulitus, M.R.S.A., as well as a commonly known virus called: Pneumonoultramicroscopicsilicovolcanoconiosis." He states:

> Although the: methicillin resistant staphylococcus aureus [MRSA] was and still is active all on my Buttoxed area due to L.M.D.C. still not treating me for it or even doing follow ups to see if the (10) days of Dioxline even teased the symptoms or made it irriated, I'm clearly allergic to soaps given by the security of the jail, Medical has me on a strictly anti-bacterial Dial soap ordered since 1999 in my files, but Dr. Lite looked at my body on 2-20-2015 and again on 2-28-15 he wasn't clear on what to ever do to help me other than promising to supply me a life time supply of Dial soap even if he had to pay for it out of his own pockets.

Additionally, maintains Plaintiff:

> On or around Nov. 12 – or – Nov. 20th 2014 thru Dec. 17th 2014 I filed several health service request's to be seen for several serious reason of hemroids, M.R.S.A., staph, nuropathy, my eyes, my diabetis, my mental/emotional confussions, paranoild thought, homicidal thoughts, bi-polarism, manic depression's, as well as others and have been ignored and neglected by medial as well as mental staff from Nov. – Feb. 2015 and the Doctor's still only treat one issue at a time saying they've got over 2000 inmates on a list and its backed up for month's, all the nurse's I asked said it's a lie[.]

Plaintiff concludes, "I've been treated unfairly and deserve to be commpensated for my pain and suffering for cruel and unusual forms of punishments by both medical/mental Depts. of L.M.D.C. as well as the Jailer Mark Boltons directions to Ms. Taylor the Grievance Coordinator to ignore my complaints, since she has to deal with over 3,000 inmates at (3) facilities on her own."

Finally, Plaintiff describes an incident that occurred on or around February 18-20, 2015, when he was in the dayroom. He reports that he broke a razor in half to lance his fingers enough to draw blood "just so I could get the attention of the body camera to have proof of evidence for my medical negligence on video so I'd have a form of proof for court's and a jury to see L.M.D.C. has made me suffer too extreme's without seeing or medicating me for serious medical indifference."

As relief, Plaintiff seeks monetary and punitive damages and an injunction directing the firing of Drs. Lite and Smith and Director Bolton.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of

the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

The Court will dismiss the claims against the LMDC, the CCC, and the LMDC "Medical/Mental Health Depts." because they are not entities subject to suit under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Rather, the claims against them are against the Louisville Metro Government as the real party in interest. *Id.* ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."); *see also Blay v. Daviess Cnty. Det. Ctr.*, 4:07CV-P69-M, 2007 WL 2809765, at *1 (W.D. Ky. Sept. 25, 2007); *Fambrough v. Vaught*, 4:06CV-P130-M, 2007 WL 891866, at *1 (W.D. Ky. Mar. 21, 2007) ("[T]he claims against the detention center are also against [the County] as the real party in interest."); *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (suit against fiscal court is actually suit against county itself).

All of the remaining Defendants are sued in their official capacity only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. at 166 (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants Dr. Lite, Dr. Smith, Director Bolton, and unidentified medical supervisors at LMDC and CCC, therefore, are actually against the Louisville Metro Government. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

4

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992).

With respect to the first issue, Plaintiff alleges "cruel and unusual forms of punishment." Because Plaintiff is a pretrial detainee, the Eighth Amendment's proscription against cruel and unusual punishment does not apply to him. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). "Under the Fourteenth Amendment Due Process Clause, however, pretrial detainees have a right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners." *Id.* at 685-86. Thus, "[t]o sustain a cause of action under § 1983 for failure to provide medical treatment, plaintiff must establish that the defendants acted with 'deliberate indifference to serious medical needs.'" *Id.* at 686; *see also Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976).

The Fourteenth Amendment "claim has two components, one objective and one subjective." *Comstock v. McCrary*, 273 F.3d 693, 702-03 (6th Cir. 2001). To satisfy the objective component, "'the inmate [must] show that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 896 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "[T]he evidence need only show that 'the medical need at issue is sufficiently serious.'" *Blackmore*, 390 F.3d at 896 (quoting *Farmer*, 511 U.S. at 834). To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk. *Comstock*, 273 F.3d at 702-03.

5

A patient's disagreement with his physician over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable under § 1983. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 816 n.13 (6th Cir. 1996); *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995). The question of whether diagnostic techniques or other forms of treatment are indicated is a classic example of a matter for medical judgment. At most, a medical decision not to order an x-ray or like measures represents medical malpractice. *Estelle*, 429 U.S. at 107. Furthermore, allegations of "inadvertent failure to provide adequate medical care" or of a negligent diagnosis or treatment of a prisoner fail to state a cause of action under § 1983. *Id.* at 105-06. Simply stated, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id*. at 106.

As to the second issue in a claim against a municipality (that is, whether the municipality is responsible for that violation), "a municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

The only claim which, in liberally construing Plaintiff's allegations, appears to state a policy is Plaintiff's claim that LMCD refused some of his medications due to cost. He fails to state a constitutional claim, however, because he alleges that the refusal of medications occurred only "From May – July 2014," and he alleges no harm as a result of the short delay in receiving his medication.

All other claims fail because Plaintiff fails to identify a policy or custom on the part of Louisville Metro Government that caused him any harm. Additionally, Plaintiff fails to allege facts sufficient to state a constitutional claim of deliberate indifference to a serious medical need as to the remaining claims. As to his MRSA problem, Plaintiff was examined twice by Dr. Lite, and he received medication and Dial soap for the condition. With respect to Plaintiff's claim that requests to be seen for various other medical/mental health problems were ignored from November 2014 to February 2015, he alleges no continued lack of treatment or any harm or injury as a result of any delay in treatment. By Plaintiff's own statements he has received treatment; he just disagrees with the amount and type treatment. "Where a prisoner has received some medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (citations omitted). Finally, Plaintiff's only specific reference to Dr. Smith is that Plaintiff was released to go see Dr. Smith in May 2014, and his only mention of Director Bolton is that Director Bolton told the grievance coordinator to ignore Plaintiff's complaints. Neither allegation is sufficient to show deliberate indifference to a serious medical need.

For these reasons, Plaintiff § 1983 claims fail to state a claim upon which relief may be granted and will be dismissed.

Having dismissed all federal claims, the supplemental state-law negligence claim will be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

The Court will enter a separate Order dismissing this action.

Date: August 31, 2015

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Jefferson County Attorney
4416.005